IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CARLOS ORTIZ,            )<br>    Plaintiff,              )<br>                              )<br>v.                          )<br>                              )<br>JEFF LONG, Commissioner of the   )<br>Tennessee Department of Safety and Human )<br>Services ("TDSHS"), in his official capacity; )<br>DOES 1-5,                )<br>                              )<br>    Defendants.           ) | No. 2:22-cv-02673-SHL-cgc |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND TO SHOW
CAUSE WHY DEFENDANTS DOES 1-5 SHOULD NOT BE DISMISSED**

Before the Court is the Magistrate Judge's Report and Recommendation, filed May 24, 2023, recommending that Defendant Jeff Long's Motion to Dismiss, (ECF No. 16), be granted.[1] (ECF No. 26.)  The Motion to Dismiss seeks dismissal of all of Plaintiff Carlos Ortiz's claims against Long.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  No objections to the Report and Recommendation have been filed, and the time for filing objections has expired.  See Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2).

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b)

---

[1] Defendants Bill Lee and the Tennessee Department of Safety and Homeland Security joined in the Motion to Dismiss.  (ECF No. 16.)  However, Plaintiff voluntarily dismissed both Defendants after the Motion to Dismiss was filed.  (ECF No. 24.)

advisory committee notes.  On clear-error review of the Magistrate Judge's Report and Recommendation, the Court hereby **ADOPTS** the Report and Recommendation, (ECF No. 26), in its entirety.

As the Magistrate Judge explains, Long, acting in his official capacity, is protected from suit by sovereign immunity.  (ECF No. 26 at PageID 214.)  Ortiz argues that the Ex parte Young, 209 U.S. 123 (1908), exception to sovereign immunity applies here because he seeks prospective injunctive relief compelling a state official to comply with federal law.  Specifically, he seeks to enjoin Long from enforcing the Tennessee Financial Responsibility Law, as, according to him, doing so would violate the Fair Debt Collection Practices Act.  However, the FDCPA explicitly excludes from the definition of "debt collector" any "officer or employee of . . . any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties."  (Id. at PageID 214-15.)  Because the federal statute relied on specifically carves out state officials such as Long from its reach, the injunctive relief sought here is not available.  Long's Motion to Dismiss is **GRANTED**.

The only Defendants remaining after adoption of the Report and Recommendation are Does 1-5.  A plaintiff suing unnamed defendants must comply with Federal Rule of Civil Procedure 4(m)[2] by serving them within the time specified therein.  Epperson v. City of Humboldt, 183 F. Supp. 3d 897, 908 (W.D. Tenn. 2016).  There is no indication from the docket that Ortiz has identified the Doe defendants, served them, or even attempted to do so.  Therefore, Ortiz is **ORDERED TO SHOW CAUSE** within fourteen (14) days of entry of this Order as to

---

[2] "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).

why the Doe Defendants should not be dismissed without prejudice. Failure to respond may be deemed grounds to dismiss those defendants and enter final judgment in this matter.

**IT IS SO ORDERED**, this 29th day of June, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
